59 CCPA

**BEACON–MORRIS CORPORATION,**
Appellant,

v.

**INTERNATIONAL TELEPHONE AND
TELEGRAPH CORPORATION,**
Appellee.

**Patent Appeal No. 8605.**

United States Court of Customs
and Patent Appeals.
Aug. 17, 1972.

David Wolf, Wolf, Greenfield & Sacks, Boston, Mass., attys. of record, for appellant.

Donald J. Goodell, C. Cornell Remsen, Jr., New York City, attys. of record, for appellee.

Before WORLEY, Chief Judge, and RICH, ALMOND, BALDWIN and LANE, Associate Judges.

BALDWIN, Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board,[1] sustaining the opposition of appellee International Telephone and Telegraph Corp., to appellant's application for registration of the mark TWIN FLO, for "individual room heaters for use with forced hot-water heating systems."[2]

The opposition was based on a previous registration of the mark DUO–FLO, for "balancing and purge valve for use in hot water heating systems for balancing flow in the circuits of the system and for purging or venting air from such circuits."[3] The mark was assigned to appellee in 1963.

Both appellant's TWIN FLO heaters and appellee's DUO–FLO valves are marketed through plumbing and heating wholesalers and are advertised in trade publications and in other similar media. Appellee's priority of its mark is not contested.

Before us, appellant contends that only limited protection should be extended to appellee's mark in view of its descriptive nature. Appellant points to 160 cited third party trademark registrations, 105 of them dealing with FLO and the remaining 55 dealing with DUO and TWIN. In appellant's view, these registrations indicate that FLO lacks trademark significance, and "illustrate

---

1. 161 USPQ 313 (1969).

2. Serial No. 207,191, filed December 1, 1964.

3. Registration No. 698,414, issued May 31, 1960.

common acceptance and recognition by the Patent Office and merchants that "DUO" and "TWIN" are used by different parties in conjunction with purely suggestive or descriptive suffixes on competitive or intimately related goods without confusion." Appellant points to the differences in sound and appearance between the marks, the differences in the goods and the fact that there is no evidence of actual confusion and urges that there is no likelihood of confusion. Appellant also contends that the board erroneously resolved doubt in favor of appellee.

## Opinion

We disagree with appellant and find that the board correctly held that:

> While the goods here involved are specifically different they are both used in hot water heating systems and move through the same channels of trade to the same class of purchasers and must be considered as closely related in kind.  [citing cases]

> Regarding the marks, while we must agree with applicant that opposer's mark is highly suggestive as applied to its valves, applicant's mark is also suggestive of its goods and the two marks have substantially the same suggestive connotations and create similar commercial impressions. The third-party registrations are of little value in determining the question of likelihood of confusion since we must decide this issue on the marks of the parties as considered in their entireties regardless of the use by others of various components thereof. * * *

The marks are both highly suggestive, are essentially identical in meaning, and are applied to closely related goods. Considering the marks DUO–FLO and TWIN FLO in their entireties, as applied to the respective goods, we feel that they are so similar that they would be likely to cause mistake, confusion or deception of purchasers as to the source of the goods.

The decision of the Trademark Trial and Appeal Board is affirmed.

Affirmed.

WORLEY, Chief Judge (concurring).

I concur in the result reached by the majority, and especially agree with the board that:

> * * * The third-party registrations are of little value in determining the question of likelihood of confusion since we must decide this issue on the marks of the parties as considered in their entireties regardless of the use by others of various components thereof. * * *

Cf. dissenting opinion in Sterling Drug, Inc. v. M–A Pharmaceutical Corp., 343 F.2d 1016, 52 CCPA 1265 (1965), and cases cited therein.