60 CCPA

**CLAREMONT POLYCHEMICAL CORP.,**
Appellant,

v.

**ATLANTIC POWDERED METALS, INC.,**
Appellee.

**Patent Appeal No. 8801.**

United States Court of Customs
and Patent Appeals.

Dec. 29, 1972.

Rehearing Denied Feb. 8, 1973.

A. Robert Theibault, Washington, D. C. (Wilkinson, Mawhinney & Theibault, Washington, D. C.), attorneys of record, for appellant.

Arthur B. Colvin, New York City, atty. of record, for appellee. Mark T. Basseches, New York City, of counsel.

Before MARKEY, Chief Judge, and RICH, ALMOND, BALDWIN and LANE, Judges.

RICH, Judge.

This appeal [1] is from the decision of the Patent Office Trademark Trial and Appeal Board, abstracted at 171 USPQ 814 (1971), dismissing appellant's opposition to the registration of EVER-GOLD on the Principal Register, application serial No. 251,271, filed July 29, 1966, for metal powder. Opposition was predicated on appellant's registration, No. 746,123, Mar. 5, 1963, of DURA-GOLD for a bronze gold pigment for decorative uses and likelihood of confusion, mistake, or deception under 15 U. S.C. § 1052(d). We affirm.

Neither party took testimony, appellant relying solely on his prior registration. The only issue is whether, upon

---

1. The Petition of Appeal states that appellant has complied with the provisions of 35 U.S.C. §§ 142 and 143, which pertain to appeals in patent rather than trademark cases. However, we have construed the appeal as if filed pursuant to 15 U.S.C. § 1071(a), the provision governing appeals to this court in trademark cases.

consideration of the respective marks and goods, the registration of appellee's mark EVERGOLD is "likely to cause confusion, or to cause mistake, or to deceive." The board answered this question in the negative as follows:

> The designations "DURAGOLD" and "EVERGOLD" resemble one another in that they are highly suggestive of the color and wearing ability of the products upon which they are employed. They also incorporate the identical suffix ending. Despite these similarities, considering the inherent weakness in the marks, we are convinced that the manifest differences in sound and appearance are of such character as to be unlikely to cause prospective purchasers to assume that the goods originate from the same source.

In a petition for reconsideration, appellant asserted that the board failed to take into account alleged similarities in meaning of the prefixes of the involved marks: DURA and EVER, asking the board to take judicial notice of the dictionary definitions of the words "durable" and "ever" which illustrate the similar meanings of the prefix portions of the respective marks. The board denied the petition, answering, inter alia, that "the Board did take into consideration the similar suggestive nature of the aforementioned prefixes and found that this factor alone was insufficient to support opposer's claim of damages."

■ In this court appellant assigns as error the same failure of the board to take judicial notice of the definitions of the prefixes of the marks and asserts that the alleged similarity in meaning resulting from the use of these prefixes shows that confusion as to origin would be likely. Appellant cites prior decisions of this court which it believes show that an opposition should be sus-

tained in view of only a similarity of meaning between the opposer's and appellant's terms. E. g., Hancock v. American Steel & Wire Co. of New Jersey, 203 F.2d 737, 40 CCPA 931 (1953) (CYCLONE and TORNADO, both for fencing); and Beacon-Morris Corp. v. International Telephone & Telegraph Corp., 463 F.2d 1097, 59 CCPA —— (DUO-FLO for balancing and purge valves for use in hot water heating systems and TWIN FLOW for individual room heaters for use with hot water heating systems). As we have often said, prior decisions involving *other* marks and *different* goods are of little value as precedents. Each case must be decided on its own facts.

■■ We have considered the marks in their entirety as well as the dictionary definitions of the prefixes DURA [2] and EVER,[3] which we may indeed do "to determine the ordinary significance and meanings of words," *Hancock*, supra, and find no error in the conclusion of the board that concurrent use of EVERGOLD and DURAGOLD on the goods named would be unlikely to cause confusion, mistake, or deception within the meaning of 15 U.S.C. § 1052(d). The prefixes EVER and DURA are very different in sound and appearance and both are suggestive or descriptive of alleged properties of the goods.

The decision of the board is affirmed.

Affirmed.

BALDWIN, Judge (dissenting).

I disagree with the conclusion of the majority. Considering the marks in their entireties, I conclude that, as applied to the goods, the respective marks would be likely to cause confusion or mistake or to deceive. The marks are practically identical in meaning and they are very similar in appearance. I con-

---

2. *Durable* * * * Permanent, enduring, firm, stable, continuing, constant, persistent. See lasting. Webster's New International Dictionary (1932).

3. *Ever* At all times; always; constantly; repeatedly; incessantly; * * * everlastingly; forever * * *. Webster's New International Dictionary (1932).

sider it highly likely that one who sees EVERGOLD being used in connection with bronze powder, for example, would conclude that the powder was made by the same concern who makes DURA-GOLD bronze gold pigment for decorative uses.

I would reverse.